(Pleito No. 195.—Fallado el 21 de Mayo de 1902.)

## Valle contra Fernández.

Competencia promovida por requerimiento de inhibición entre los Juzgados de Catedral y Caguas.

Competencias.	En un juicio en que se ejerciten acciones personales el Juzgado competente será el del lugar donde deba cumplirse la obligación; y el sitio á donde se remitan los géneros de comercio y en que han de recibirse será el sitio en que deberá efectuarse el pago, y por lo tanto donde la obligación ha de cumplirse.

### SENTENCIA.

En la Ciudad de San Juan de Puerto Rico, á veinte y uno de Mayo de mil novecientos dos; en los autos que ante Nos penden para decidir la competencia suscitada entre el Juez municipal del Distrito de la Catedral de esta Capital y el de la Ciudad de Caguas, acerca del conocimiento de la demanda entablada en juicio verbal civil ante el primero de dichos juzgados por el Abogado Don Wenceslao Bosch, á nombre de la sociedad anónima Valle, Ballina y Fernández, de Villaviciosa, España, contra Don Víctor Fernández Navas, vecino y del comercio de Caguas, en cobro de pesos.—Resultando: Que entablada demanda en juicio verbal civil ante el Juzgado municipal de Catedral de esta Ciudad, en veinte y siete de Noviembre del año próximo pasado, por el Abogado Don Wenceslao Bosch, á nombre de la sociedad

anónima Valle, Ballina y Fernández, de Villaviciosa, en España, contra Don Víctor Fernández Navas, vecino y del comercio de Caguas, en cobro de setecientas cuarenta y siete pesetas, sesenta y ocho céntimos, ó su equivalente en oro americano, importe de la venta de una partida de sidra, castañas, fletes y seguros, según factura de veinte y uno de Noviembre de mil ochocientos noventa y siete, é intereses de dicha cantidad, desde el primero de Enero del año siguiente, hasta el efectivo pago, á razón del seis por ciento anual y las costas, se señaló día para la celebración del juicio, y citado y emplazado el demandado en su domicilio de Caguas, promovió ante el Juez municipal de aquella Ciudad cuestión de competencia por inhibitoria, alegando que, estando domiciliado en aquella localidad y no habiendo renunciado su domicilio, ni obligádose á pagar el saldo que se le reclama en ningún lugar determinado, debía estimarse que Caguas era el lugar del contrato, y por consiguiente que era competente para conocer de la demanda el Juez municipal de aquella Ciudad, y pidiendo en su consecuencia se requiriera al de Catedral para que se inhibiera del conocimiento de los autos y se les remitiera para continuar procediendo.—Resultando: Que sustanciado el incidente con audiencia del Fiscal del Juzgado, el Juez municipal de Caguas, de conformidad con lo representado por aquel funcionario, por auto de cuatro de Diciembre del mismo año, dispuso se requiriera de inhibición al de la Catedral, como así lo verificó por medio del correspondiente oficio inhibitorio; y que conferida vista de éste á la parte demandante y al Fiscal, se opusieron ambos á la inhibición propuesta por el Juez de Caguas, exponiendo entre otras consideraciones, que habiéndose entregado los efectos remitidos por la sociedad acreedora á los consignatarios Sres. Caldas y Compañía, designados por el mismo demandado, en esta Ciudad de San Juan, en ella debía hacerse el pago, á tenor de lo establecido por el artículo 1,500 del Código Civil, y en su consecuencia cualquiera de los Jueces municipales de esta Capital era

competente para conocer de la demanda.—Resultando: Que
el Juez de Catedral, por auto de diez y siete del mismo mes
de Diciembre y por los mismos fundamentos expuestos por
el demandante, declaró no haber lugar á la inhibición
pretendida por el Juez requirente y que en su consecuencia
se le librara oficio para que en el caso de insistir en la
inhibitoria remitiera los autos á este Tribunal Supremo para
la resolución de la competencia; y habiéndolo verificado así
el Juez municipal de Caguas y á su vez el de la Catedral,
personadas las partes y oído el Fiscal, que fué conforme en
que debía conocer de la demanda el Juez de Catedral, se
señaló día para la vista, con citación de las partes.—Siendo
Ponente el Presidente del Tribunal Don José S. Quiñones.
—Considerando:   Que conforme á lo dispuesto en la regla
1ª del artículo 62 de la Ley de Enjuiciamiento Civil, fuera
de los casos de sumisión expresa ó tácita, es Juez competente
para conocer en los juicios en que se ejerciten acciones
personales, el del lugar en que deba cumplirse la obligación,
siendo esta la primera y principal circunstancia que surte
fuero en tales casos; y que la obligación de pagar el precio
de la cosa comprada, ya tenga ó no el contrato el carácter de
mercantil, deberá cumplirse, salvo pacto en contrario, en
tiempo y lugar en que se haga la entrega de ella, según
precepto terminante del artículo 1,500 del Código Civil.—
Considerando:   Que con arreglo á este precepto, habiéndose
verificado la entrega de los efectos remitidos por la sociedad
Valle, Ballina y Fernández á Don Víctor Fernández Navas,
en esta Capital, á los consignatarios designados por el mismo
demandado, es esta Capital el lugar donde debe cumplirse
la obligación de pagar el precio de los efectos vendidos, y en
su consecuencia, y atendida la cuantía de la cantidad recla-
mada, cualquiera de los Jueces municipales de esta Capital
es competente para conocer de la demanda.—Se declara que
el conocimiento de estos autos corresponde al Juez Munici-
pal del Distrito de la Catedral de esta Capital, á quien se
remitirán las actuaciones para lo que proceda, con arreglo á

derecho, y poniéndose esta resolución en conocimiento del Juez municipal de Caguas á los efectos procedentes; sin especial condenación de costas.—Así por esta nuestra sentencia, que se publicará en la *Gaceta Oficial,* lo pronunciamos, mandamos y firmamos.

José S. Quiñones, José C. Hernández, José Mª Figueras.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Presidente del Tribunal Don José S. Quiñones, celebrando audiencia pública dicho Tribunal en el dia de hoy, de que certifico como Secretario, en Puerto Rico, á veinte y uno de Mayo de mil novecientos dos.—Antonio F. Castro, *Secretario.*